FILED

MAY 19 2016

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| UNITED STATES OF AMERICA | ) No. **16 CR 325** |
|---|---|
| v. | ) |
| | ) Violation: Title 18, United States Code, |
| CLAYTON ANDREW COHN | ) Section 1343 |

**JUDGE ALONSO**

The UNITED STATES ATTORNEY charges:   **MAGISTRATE JUDGE FINNEGAN**

1.  At times material to this information:

    a.   Defendant CLAYTON ANDREW COHN controlled an entity known as Marketaction, Inc., which was a registered investment adviser registered with the State of Illinois. Defendant COHN was solely responsible for the activities of Marketaction, Inc., including the solicitation of funds from the public for investment, all of its investment activity, and the handling and disposition of investor funds.

    b.   MARKETACTION ADVISORS, L.L.C. ("MA") was a limited liability company, organized under the laws of the State of Delaware, with its principal place of business in Chicago, Illinois. MA was an investment adviser registered with the State of Illinois.

c. MARKETACTION CAPITAL MANAGEMENT, L.L.C. ("MCM Fund") was a limited liability company organized under the laws of Delaware, with its principal place of business in Chicago, Illinois. MCM Fund was an investment fund and defendant Cohn sold investments in the fund to investors.

d. Defendant COHN was the President and principal owner of MA, and managed the activities of the MCM Fund, including the management of its portfolio and the sale of interests in the MCM Fund to investors. Defendant Cohn was solely responsible for trading and investment decisions, and the handling and disposition of investor funds.

e. On behalf of the MCM Fund, defendant COHN represented to investors and potential investors that the MCM Fund was a multi-strategy hedge fund that focused primarily on trading equity options and equity option credit spreads.

d. Defendant COHN, acting as MA, sold interests in the MCM Fund to investors. During the period from no later than September 2011 until approximately August 2013, approximately 37 investors invested more than $1.8 million into the MCM Fund.

2. During the period from no later than March 2010 until about August 2013, in the Northern District of Illinois, Eastern Division, and elsewhere,

CLAYTON ANDREW COHN,

defendant herein, devised, intended to devise, and participated in a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by concealment of material facts, which scheme is more fully set out below.

3. It was part of the scheme to defraud that defendant COHN made and caused to be made materially false and misleading statements to investors and potential investors about Marketaction, Inc. and MCM Fund, in order to induce investors and potential investors to invest in those entities. The false and misleading statements were about, among other things, the use of investor funds, defendant COHN's success as a trader, the status of the invested funds, the performance of the MCM Fund, defendant COHN's personal financial interest in the MCM Fund, and the amount of funds defendant COHN used for his personal benefit.

4. It was further part of the scheme that defendant COHN falsely stated and caused to be falsely stated to investors and potential investors that

Marketaction, Inc. was a thriving financial services firm with numerous private equity investments, when defendant COHN knew that Marketaction, Inc. engaged in very little investment activity.

5. It was further part of the scheme that defendant COHN falsely stated and caused to be falsely stated to investors and prospective investors that investor funds would be used for certain Marketaction, Inc. and MCM Fund investment objectives, such as capital preservation, short term income generation, and capital appreciation, when defendant COHN knew he made only minimal investments with investor funds and instead misappropriated a large amount of the investor funds for his own personal benefit.

6. It was further part of the scheme that defendant COHN falsely stated and caused to be falsely stated to investors and potential investors that MA would be paid fees only if trading in the MCM Fund was profitable under certain criteria, when defendant knew he misappropriated the majority of investor funds for his own personal benefit and to pay expenses of Marketaction, Inc., Marketaction Advisers, and MCM Fund.

7. It was further part of the scheme to defraud that defendant COHN, for the purposes of obtaining and retaining investors' funds and to lull investors into a false sense of security, distributed and caused to be distributed

false and misleading account statements to investors. These account statements purported to reflect the value of each investor's capital account in the MCM Fund, when defendant Cohn knew the statements were materially false and misleading in that the account statements failed to reflect the actual and unsuccessful performance of the MCM Fund and the adverse financial impact of the defendant's misappropriation of investors' funds.

8. It was further part of the scheme to defraud that defendant COHN, for the purposes of obtaining and retaining investors' funds and to lull investors into a false sense of security, distributed and caused to be distributed false and misleading promotional and descriptive materials and otherwise falsely represented to investors and prospective investors that the MCM Fund engaged a particular person as the "Fund Accountant" to provide certain services including calculating the Net Asset Value of the Fund, and a particular firm as an "Auditor" that would audit the MCM Fund on an annual basis, when defendant Cohn knew that was false.

9. It was further part of the scheme to defraud that defendant COHN, for the purposes of obtaining and retaining investors' funds and to lull investors into a false sense of security, distributed and caused to be distributed false and misleading promotional and descriptive materials and otherwise

5

made false and misleading representations to investors and prospective investors about: (a) defendant COHN's personal interest in and commitment to the MCM Fund, (b) defendant Cohn's trading prowess, and (c) the profitability of Marketaction, Inc. and the MCM Fund.

10. It was further part of the scheme to defraud that defendant COHN caused to be prepared and filed with the United States Securities and Exchange Commission reports about the MCM Fund that he knew contained false and misleading information, including false and misleading information that the MCM Fund was subject to annual audits and had engaged an auditor for this purpose.

11. It was further part of the scheme to defraud that defendant COHN distributed and caused to be distributed promotional and descriptive literature that falsely told investors and prospective investors that redemption of their investments would be without "hassle," "simple," and "easy" and available on a monthly basis when defendant COHN knew that he made false and misleading statements to investors for his failures to make redemptions.

12. It was further part of the scheme to defraud that defendant COHN misrepresented, concealed and hid, and caused to be misrepresented, concealed and hidden, the purposes of the acts done in furtherance of the

scheme.

13. As a result of the defendant's scheme to defraud, among other things, approximately 37 investors in Marketaction, Inc. and the MCM Fund invested more than $1.8 million and sustained losses in excess of $1.5 million.

14. On or about September 2, 2011, in the Northern District of Illinois, Eastern Division, and elsewhere,

CLAYTON ANDREW COHN,

defendant herein, for the purpose of executing the scheme to defraud, knowingly caused to be transmitted in interstate commerce by means of wire communications, certain writings, signs, signals, specifically, an interstate wire transfer of $332,605 from an investor's account in Minnesota to the MCM bank account in Chicago for the purpose of making an investment in the MCM Fund;

In violation of Title 18, United States Code, Section 1343.

*Zachary T. Fardon by JY*

UNITED STATES ATTORNEY